# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE STRAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV448 FRB |
| | ) | |
| ST. LOUIS COUNTY JUSTICE CENTER, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A(a). The Court has reviewed the complaint, and the Court finds that plaintiff should file a second amended complaint or face summary dismissal of the instant complaint as it fails to state a claim upon which relief can be granted.

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25,

31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are the St. Louis County Justice Center (the "Justice Center"), Unknown Rottenk (Doctor), and Edward Bernsen.  Plaintiff seeks injunctive and monetary relief.

Plaintiff alleges that he has problems with his spine in his neck and lower back.  He has H. Pylori bacteria in his stomach, and he has heart problems.  He claims that he suffers from chronic pain and that he takes Vicodin, Valium, and Xanax when he is not incarcerated.  He also takes Prevacid for his stomach problems.

Plaintiff asserts that he has asked medical staff for pain medications since he has been detained at the Justice Center but he has been denied.  Plaintiff says he has filed grievances but they have not been answered.  Plaintiff does not include any allegations against the individual defendants in the body of the complaint.

Plaintiff also complains that he has broken a tooth while at the Justice Center and that he has been denied treatment.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted for this reason as well.

Plaintiff's claim against the Justice Department is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Because plaintiff is proceeding pro se, and because the allegations are serious, the Court will allow plaintiff to file a second amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone

Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall send plaintiff a Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely submit a second amended complaint, this action will be dismissed without prejudice.

Dated this 11th day of April, 2013.

*Frederick R. Buckles*
_____
FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE